IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES STENGER, et al.,** | : | Case No. 1:15-cv-30 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Michael R. Barrett |
| v. | : | |
| | : | |
| **MARRIOT INTERNATIONAL CORPORATE HEADQUARTERS,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Marriott International, Inc.'s ("Marriott") Motion to Dismiss. (Doc. 4). Plaintiffs James Stenger and Pamela Stenger (collectively, "Plaintiffs") have filed a Response in Opposition to Marriott's Motion to Dismiss (Doc. 11), as well as a Motion to Amend the Complaint (Doc. 10). Marriott has filed a Reply Brief in Support of its Motion to Dismiss (Doc. 14) and a Response in Opposition to Plaintiffs' Motion to Amend/Correct Complaint (Doc. 15). Plaintiffs have not filed a reply in support of their motion to amend the complaint, and the time for doing so has expired.

**I.    BACKGROUND**

This is a diversity action wherein Plaintiffs, who are residents of Ohio, bring this action based on injuries Plaintiff James Stenger allegedly sustained during his stay at Marriott Springhill Suites located in Brentwood, Missouri. According to Mr. Stenger, he slipped and fell in the hotel guest bathroom that he alleges was not properly maintained.

Marriott moved to dismiss Plaintiff's Complaint on two grounds: (1) Plaintiffs brought the Complaint against the wrong party, as the proper party is Springhill SMC, LLC; and (2) Plaintiffs failed to include any jurisdictional allegations in the Complaint other than the allegation that Marriott owned and operated Springhill.

Plaintiffs' response concedes that it brought the Complaint against the wrong party and that the proper party is Springhill SMC, LLC. They therefore request leave to amend the Complaint to substitute Springhill for Marriott as the proper party. Plaintiffs further argue that personal jurisdiction over Springhill is appropriate under Ohio's Long-Arm Statute and comports with Due Process. Plaintiffs contend that even if the Court concludes that it lacks personal jurisdiction over Springhill, the case should be transferred to the Eastern District of Missouri rather than dismissed.

Marriott responds that permitting the proposed amendment would be futile because the Court lacks personal jurisdiction over the proposed substituted party, Springhill, and Plaintiffs concede that dismissal of the Complaint against Marriott is appropriate by failing to include Marriott in the proposed Amended Complaint or by failing to make any arguments supporting personal jurisdiction over Marriott.

## II. ANALYSIS

### A. Motion to Amend

The first issue to address is whether leave to amend the complaint to substitute Springhill for Marriott should be given, as an amended complaint would supersede the original complaint and would render Marriott's motion to dismiss moot. *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008); *Computerease Software, Inc. v. Hemisphere Corp.*, No. 06-cv-247, 2007 U.S. Dist. LEXIS 64753, at *3 (S.D. Ohio Mar. 19, 2007).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Trial courts need not give leave to amend when doing so would be futile. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "An amendment is futile if it would not survive a motion to dismiss" under Rule 12(b)(2) or 12(b)(6) of the Federal Rules of Civil Procedure. *SFS Check, LLC*, 774 F.3d at 355 (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

Marriott argues that the proposed amendments would be futile because the Court lacks personal jurisdiction over Springhill such that Plaintiffs could not survive a motion to dismiss.[1] For the reasons set forth below, the Court agrees that the proposed amendments would be futile and therefore denies Plaintiffs' motion to amend to substitute Springhill as a defendant.

Plaintiffs bear the burden of proving personal jurisdiction exists over an out-of-state defendant. *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262063 (6th Cir. 1996)); *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). In the face of a supported motion to dismiss, the plaintiff may not rest on her pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). However, when a court considers a motion to dismiss pursuant to Rule 12(b)(2) without an evidentiary hearing, the plaintiff "'need only make a prima facie showing of jurisdiction.'" *Beydoun*, 768 F.3d at 504 (citing *CompuServe*, 89 F.3d at 1262). The Court must construe the facts in the light most favorable to the nonmoving party. *Beydoun*, 768 F.3d at 504 (citing

---

[1] Plaintiffs did not file a reply memorandum addressing Marriott's arguments in opposition to the motion to amend. All of Plaintiffs' arguments as to whether the Court can exercise personal jurisdiction over Springhill are made in their response in opposition to Marriott's motion to dismiss.

*Neogen Corp.*, 282 F.3d at 887).

The Sixth Circuit has established a two-step inquiry to determine whether a federal district court can exercise personal jurisdiction over a defendant: (1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Int'l Techs. Consultants v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997)); *CompuServe*, 89 F.3d at 1262.

### 1. Long-Arm Statute

The Sixth Circuit has explained that there are two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir. 1996) ("Jurisdiction may be found to exist either generally, in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state . . . or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum."); *see also PT Pukuafu Indah v. United States SEC*, 661 F.3d 914, 920 (6th Cir. 2011) ("specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction") (internal quotations omitted). There has been some debate as to whether Ohio courts recognize general jurisdiction. *See Indus Trade & Tech., LLC v. Stone Mart Corp.*, No. 2:11-cv-637, 2011 U.S. Dist. LEXIS 144668, at *6-8 n. 1 (S.D. Ohio Dec. 14, 2011) (describing split on whether general personal jurisdiction is available under Ohio law). The Sixth Circuit, however, has stated that "under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667

F.3d 705, 718 (6th Cir. 2012); *see also Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014) (same as *Conn*).  Accordingly, this Court will not consider whether general jurisdiction exists over Springhill and will instead address only the issue of specific jurisdiction under Ohio Revised Code § 2307.382.  *See Stone v. Twiddy & Co. of Duck, Inc.*, No. 1:10-cv-591, 2012 U.S. Dist. LEXIS 104738, at *7 (S.D. Ohio July 27, 2012).

For specific jurisdiction, Plaintiffs rely on Ohio Revised Code § 2307.382(A)(1) and (A)(4) (Doc. 11, PageId 52), which allow a court to exercise personal jurisdiction over a person who is:

> (1) Transacting any business in this state;
>
> . . . .
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]

In support, Plaintiffs cite to the fact that Springhill is registered to do business with the Ohio Secretary of State, arguing that such registration plainly provides prima facie evidence that it transacts business in this state. (Doc. 11, PageId 54).  They also refer generally, without any documentary support, to their allegation that Springhill operates eight locations in Ohio of its hotel chain Springhill Suites Marriott in addition to over 300 suite hotels nationwide bearing the same brand name.  (Doc. 11, PageId 53; Doc. 10, PageId 46-47).  Accepting those facts as true, however, they fail to satisfy either Ohio Revised Code § 2307.382(A)(1) or (A)(4).  The Sixth Circuit recently has explained:

> [T]he Ohio long-arm statute requires a "proximate cause" relationship between the defendant's act and the plaintiff's cause of action. *Brunner v. Hampson*, 441 F.3d 457, 465-66 (6th Cir. 2006).  A mere "but-for" connection is insufficient.  *Id*.  As a result, we have determined that the Ohio long-arm statute's "arising from" prong has less reach than the Due Process Clause, and, thus, due process need not be considered. *Id*.

5

*Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014); *see also Miami Valley Fair Hous. Ctr., Inc. v. Steiner & Assocs.*, No. 3:08-cv-150, 2012 U.S. Dist. LEXIS 164006, at *36 (S.D. Ohio Nov. 16, 2012), ("'personal jurisdiction does not exist [under Ohio's long-arm statute] where the circumstances which may have caused the injury are unrelated to the conduct of business in Ohio.'") (quoting *Signom v. Schenck Fuels, Inc.*, No. C-3-07-037, 2007 U.S. Dist. LEXIS 42941, at *11 (S.D. Ohio June 13, 2007)), *adopted at* 2012 U.S. Dist. LEXIS 172405 (S.D. Ohio Dec. 5, 2012).  There are no arguments and no evidence that would support a finding that the Ohio activities of Springhill in any way related to or were the proximate cause of the alleged injuries resulting from Mr. Stenger's slip and fall in Missouri.  While Plaintiffs may suggest that the injuries of emotional distress and loss of consortium occurred in Ohio, the requisite connection between the circumstances that may have caused the alleged injury and any business activities of Springhill in Ohio still is lacking.  *Lexon Ins. Co.*, 573 F. App'x at 429.  Further, similar arguments have been rejected within this circuit.  *Kaczmarek v. Res-Care, Inc.*, No. 1:13-cv-1959, 2013 U.S. Dist. LEXIS 170941, at 10-11 (N.D. Ohio Dec. 4, 2013); *Repp v. Holiday Inns, Inc.*, 624 F. Supp. 851, 853 (S.D. Ohio 1985).  Accordingly, the Court concludes that amendment of the Complaint to substitute Springhill would be futile, as Ohio's long-arm statute does not reach the alleged actions of Springhill related to Mr. Stenger's slip and fall in Missouri.

### 2.  Due Process

Where a plaintiff cannot show jurisdiction under the Ohio long-arm statute, a due process analysis is unnecessary.  *Conn*, 667 F.3d at 711-12 (citing *Brunner*, 441 F.3d at 457); *see also Franklin Publ'ns, Inc. v. General Nutrition Corp.*, No. 2:05-cv-1061, 2007 U.S. Dist. LEXIS 63001, at *20 (S.D. Ohio Aug. 27, 2007) (declining to analyze whether personal jurisdiction

comports with due process when the Ohio long-arm statute is not satisfied).  Given the above conclusions, the Court need not reach this issue.

If, however, Plaintiffs could establish jurisdiction under the Ohio long-arm statute, the jurisdiction also would have to comport with due process.  *Conn*, 667 F.3d at 711 (citing *CompuServe*, 89 F.3d at 1262); *see also Fraley v. Estate of Oeding*, 138 Ohio St. 3d 250, 257 (2014) ("[E]ven satisfaction of the long-arm statute does not justify the exercise of jurisdiction unless that exercise also comports with the defendant's constitutional right to due process.").  To comport with due process in a diversity case, the defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

The Sixth Circuit has established a three-part test to determine whether personal jurisdiction under Ohio's long-arm statute satisfies the due process requirements.  *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C-3-06-371, 2007 U.S. Dist. LEXIS 23076, at *25 (S.D. Ohio Mar. 29, 2007) (citing *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 430 (6th Cir. 2006); *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968)).  "First, the defendant must purposely avail himself of the privilege of acting in Ohio or causing a consequence in Ohio."  *U.S. Diamond & Gold*, 2007 U.S. Dist. LEXIS 23076, at *25. "Second, the cause of action must arise from the defendant's activities in Ohio." *Id*. "Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with Ohio to make the exercise of jurisdiction over the defendant reasonable." *Id*.

Here, the Court finds that the exercise of personal jurisdiction over Springhill would not comport with the Due Process Clause. As explained previously, Plaintiffs have not shown that any of the alleged activities of Springhill in Ohio caused the alleged injuries relating to the slip and fall in Missouri. As such, the alleged slip-and-fall injuries occurring on a property in Missouri owned and operated by Springhill do not arise out of or have any substantial connection to Springhill's activity in Ohio. Therefore, Springhill would not have reasonably anticipated being haled into court in Ohio for this alleged incident. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### B. Motion to Dismiss

Marriott moved to dismiss Plaintiff's Complaint on two grounds: (1) Plaintiffs brought the Complaint against the wrong party, as the proper party is Springhill; and (2) Plaintiffs failed to include any jurisdictional allegations in the Complaint other than the allegation that Marriott owned and operated Springhill. Those two grounds are unopposed by Plaintiffs, as they concede by virtue of their motion to amend the complaint to substitute Springhill for Marriott and their lack of argument as to the existence of personal jurisdiction over Marriott that Marriott is not the proper party in this case and that the Complaint is deficient in regards to its jurisdictional allegations as to Marriott. On those bases, the Court concludes it is appropriate to dismiss the Complaint against Marriott.

For the sake of completeness, however, the Court will address Marriott's unopposed arguments concerning dismissal for lack of personal jurisdiction. The same standards as set forth previously with respect to the motion to amend analysis concerning Springhill also apply here.

### A. Long-Arm Statute

8

Plaintiffs' only jurisdictional allegation against Marriott is that it owned and operated Springhill. Plaintiffs provide no allegation or evidence that would show that any of the nine jurisdictional hooks in the Ohio long-arm statute apply to Marriott, or specifically, that Marriott transacted business or in any way conducted activities in Ohio that were the proximate cause of the alleged injuries relating to the slip and fall in Missouri. Accordingly, Plaintiffs have not satisfied their burden of showing that the Ohio's long-arm statute reaches the any actions of Marriott relating to Mr. Stenger's slip and fall in Missouri.

### B. Due Process

For reasons similar to those set forth above, the Court finds that the exercise of personal jurisdiction over Marriott would not comport with the Due Process Clause. As explained previously, there are no alleged activities of Marriott in Ohio and no arguments or evidence has been presented to show that Marriott caused the alleged injuries from the slip and fall in Missouri. As such, Plaintiffs have not shown that the alleged slip-and-fall injuries occurring on a property in Missouri arise out of or have any substantial connection to any activity of Marriott in Ohio. Therefore, Marriott would have reasonably anticipated being haled into court in Ohio for this alleged incident. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### III.  CONCLUSION

Consistent with the foregoing, Plaintiff's Motion to Amend the Complaint (Doc. 10) is **DENIED** and Marriott's Motion to Dismiss (Doc. 4) is **GRANTED**. This case is hereby **DISMISSED** from the docket of this Court for lack of personal jurisdiction over Marriott.

**IT IS SO ORDERED.**

s/Michael R. Barrett  _
MICHAEL R. BARRETT
UNITED STATES DISTRICT JUDGE